## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TWO FARMS, INC., | ) | |
| Plaintiff, | ) | **C. A. No.  K17C-09-010 NEP** |
| v. | ) | **In and For Kent County** |
| | ) | |
| DAVIS, BOWEN & FRIEDEL, | ) | |
| INC., and SILICATO-WOOD | ) | |
| PARTNERSHIP, LLC, | ) | |
| Defendants. | ) | |

Submitted:  December 15, 2017
Decided:  December 26, 2017

## MEMORANDUM OPINION

*Upon Defendants' Motions to Dismiss – GRANTED in part and DENIED in part*

Shawn P. Tucker, Esquire, Law office of Drinker Biddle & Reath LLP, Wilmington Delaware, Attorney for Plaintiff.

Richard L. Abbott, Esquire, Law office of Abbott Law Firm LLC, Hockessin, Delaware, Attorney for Defendant Silicato-Wood Partnership, LLC.

Patrick M. McGrory, Esquire, Law office of Tighe & Cottrell, P.A., Wilmington, Delaware, Attorney for Defendant Davis, Bowen & Friedel, Inc.

Before the Court are Defendant Davis, Bowen & Friedel, Inc.'s (hereinafter "DBF") and Defendant Silicato-Wood Partnership, LLC's (hereinafter individually, "Silicato," and "Defendants," collectively) motions to dismiss. Each motion requests dismissal of the complaint filed by Plaintiff Two Farms, Inc. (hereinafter "Two Farms") that alleges that Defendants knowingly concealed certain facts about a

1

property located in Milford, Delaware (hereinafter the "Property") that Silicato sold to Two Farms. The facts recited here are those as alleged by Two Farms.[1]

## I.   FACTUAL BACKGROUND

In 2008, Silicato sought to develop the Property. DBF, acting as an agent for Silicato, prepared a survey of the land and the related record plans. Silicato and DBF submitted a building site plan (hereinafter the "Plan") to Milford's Development Advisory Committee. At a December 1, 2008 meeting, the Advisory Committee made several comments, in which the Committee advised that the Plan required certain adjustments. The comment pertinent to this action concerned a direct access entry point to the Property from Delaware Route 1 (hereinafter the "Entrance"). The Advisory Committee stated "[a] note shall be added to the record plan stating that this entrance may be modified or eliminated by [the Delaware Department of Transportation] as future traffic conditions necessitate." Neither DBF or Silicato made the recommended change to the Plan.

In late 2010, Two Farms entered into a purchase agreement with Silicato for the Property, contingent on Silicato receiving approval to use the Property as a convenience store and gas station. Two Farms purchased the property on June 1, 2011, having received all development approvals, including an entrance permit issued by the Delaware Department of Transportation (hereinafter "DelDOT") for the Entrance. This permit also did not indicate that the Entrance was temporary. The

---

[1] On a motion to dismiss, all well-pleaded factual allegations are accepted as true. *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).

2

final plan for construction on the Property was signed by Two Farms and DBF, and did not indicate the temporary nature of the Entrance. In short, the temporary nature of the Entrance was never disclosed to Two Farms by DBF or Silicato. On October 2, 2015, DelDOT informed Two Farms that the direct access from Delaware Route 1 was temporary and was to be removed. Two Farms then filed the instant suit against Defendants, alleging fraud, negligence, and negligent misrepresentation.

## II. DISCUSSION

### A. Silicato's Motion to Dismiss

In its motion to dismiss, Silicato raises four grounds for dismissal: (1) Two Farms's sole remedy for the injury is a pending condemnation action; (2) Two Farms's claim is not yet ripe, as the entrance has not yet been closed; (3) Two Farms has not pled causation and damages; and (4) Two Farms is barred from recovery by the Statute of Repose.

#### 1. Whether Two Farms's Sole Remedy Is a Pending Condemnation Action

Silicato's first ground for dismissal argues that Two Farms "concedes that when [Two Farms] purchased the Property from [Silicato] that the Entrance was permanent <u>and</u> Delaware law establishes that the Entrance constitutes a vested property right which may only be taken away by DelDOT if the payment of Just Compensation is made . . . ."[2]

---

[2] Silicato's Motion to Dismiss at 3 (emphasis in original).

This ground for dismissal is premised on factual assertions contrary to those alleged by Two Farms. Two Farms's complaint does not concede that the entrance was permanent, but instead reads that "Silicato, the Delaware Department of Transportation, and DBF all knew that th[e] entrance to the Property was temporary in nature." The complaint contains no indication of an admission to the contrary. The Court must assume the truthfulness of the complaint's well-pleaded allegations when considering the motion to dismiss.[3]

Silicato's motion correctly indicates that Two Farms might recover just compensation for the taking of the Entrance. However, Silicato provides no authority to support the proposition that such a recovery prevents the instant suit. In the pending condemnation action, if the State of Delaware rescinds the right of access, it may have to pay Two Farms the amount of the resulting reduction in the value of the property from the original fair market value.[4] However, Two Farms is alleging fraud against Silicato. The complaint, read as a whole, clearly implies that Silicato fraudulently induced Two Farms to pay *greater* than fair market value for the Property. The complaint reads that when Two Farms purchased the property for approximately $2.5 million, it had "no notice nor knowledge" that the Entrance was temporary.[5] The complaint also reads that without the Entrance, the "fair market value of the Property is significantly reduced."[6] While not explicitly stated, it is

---

[3] *Ladenburg Thalmann Financial Services, Inc. v. Ameriprise Financial, Inc.*, 2017 WL 685577 (Del. Super. Jan. 30, 2017).

[4] *See e.g., State v. Rehoboth Market Place Associates*, 1992 WL 52154, at *3 (Del. Super. Feb. 26, 1992) (entrance permits constitute property rights, the deprivation of which is a taking requiring just compensation); *Brandywine Transmission Service, Inc. v. Justice*, 1990 WL 72591 at *1 (Del. Apr. 16, 1990) ("Highway construction that drastically altered the accessibility of a business establishment may impair business to such an extent as to require compensation.").

[5] Two Farms Complaint ¶ 17.

[6] *Id.* ¶ 28.

reasonably implied that Two Farms paid more for the Property than it was worth, as the risk of the Entrance's elimination was not factored into the purchase price. This Court must give Two Farms "the benefit of all reasonable inferences that can be drawn from its pleading."[7] There is, therefore, a loss allegedly suffered that is greater than and in addition to any recovery Two Farms might receive as a result of the condemnation action, the outcome of which is yet unknown.

### 2. Whether Two Farms's Claim Is Not Ripe

Silicato claims that the complaint is not yet ripe because "the Entrance has not yet been closed." Silicato alleges that Two Farms's instant suit seeks damages "for the future . . . [t]aking of the Entrance," and that there is no actual case or controversy unless and until the Delaware Department of Transportation "actually takes and closes the Entrance and [Two Farms] can aver that it has not received Just Compensation."

Delaware courts decline to exercise jurisdiction over a case unless the underlying controversy is ripe, *i.e.,* has "matured to a point where judicial action is appropriate."[8] A case is not considered ripe where "future events may obviate the need" for judicial intervention.[9]

Here, Silicato misunderstands the injury the instant suit seeks to redress. Two Farms seeks damages resulting from the alleged misrepresentation that the entrance was permanent when it was in fact temporary—not the loss of the entrance, *per se.*

---

[7] *Solomon v. Pathe Commc'ns Corp.*, 672 A.2d 35, 38 (Del. 1996) (quoting *USACafes, L.P. Litig.*, 600 A.2d 43, 47 (Del. Ch. 1991)).

[8] *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 480 (Del. 1989).

[9] *Wal–Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A.2d 611, 631–32 (Del. Ch. 2005), *aff'd in relevant part, rev'd in part*, 901 A.2d 106 (Del. 2006).

The injury allegedly suffered as a result of misrepresentation was complete at the time Two Farms purchased the Property: Two Farms alleges it paid more than fair market value. Because the injury is complete and has already been suffered, judicial action is presently appropriate. As stated *supra* in Section II. A. 1., the damages compensable as a result of the instant fraud action are distinct from and potentially greater than those that may be paid in the condemnation action.

### 3. Whether Two Farms Has Adequately Pled Causation and Damages

Silicato's third basis for dismissal is that DelDOT is the party actually causing injury to Two Farms and will pay Two Farms "Just Compensation for [t]aking the Entrance, precluding [Two Farms] from proving [d]amages against [Silicato]."

The Court's decision here follows logically from the holdings above. Two Farms is not precluded from proving damages: the complaint alleges that Two Farms paid more than fair market value for the property as a result of Defendants' alleged fraud. Such damages are distinct from any potential recovery from DelDOT for the reduction in property value resulting from the removal of the Entrance.

### 4. Whether Two Farms's Complaint is Barred

Silicato's final ground for dismissal is that the Statute of Repose found at 10 *Del. C.* § 8127 (hereinafter the "Builder's Statute") allegedly bars Two Farms's claims since they were brought more than six years after work by DBF was completed.

Two Farms replies that the Builder's Statute is inapplicable here, as it provides a bar only to claims alleging injuries related to a "deficiency in the construction or manner of construction of an improvement to real property and/or in the designing, planning, supervision, and/or observation of any such construction or manner of construction."[10]

The Court agrees that the Builders Statute is inapplicable to the facts of this case. Two Farms does not allege that the Entrance was improperly built or designed. Rather, the injury suffered relates to a misrepresentation regarding whether or not the entrance was temporary or permanent. While Two Farms does allege that the Plan failed to show that the Entrance was temporary, the complaint does not allege a "deficiency in the construction or manner of construction of an improvement to real property and/or in the designing, planning, supervision, and/or observation of any such construction or manner of construction." There is no allegation in this case that the Entrance's construction was faulty, merely that its true status was not indicated on the Plan.

### B.   DBF's Motion to Dismiss

In its motion to dismiss, DBF raises the following grounds for dismissal: (1) the complaint is barred by the Builder's Statute, and (2) Two Farms's third cause of action, negligent misrepresentation, must be dismissed because this Court is without subject matter jurisdiction to entertain a negligent misrepresentation claim. DBF asserts that the Delaware Chancery Court has exclusive jurisdiction over negligent misrepresentation claims. Only this second argument shall be addressed, as the first

---

[10] 10 *Del. C.* § 8127.

mirrors the argument raised by Silicato, and has been found without merit, as explained above in section II. A. 4.

The jurisdictional issue is laid out by this Court's decision in *Radius Services, LLC v. Jack Corrozi Const., Inc.*:[11]

> If the plaintiff wishes to proceed with a claim in this Court, that the defendants knowingly permitted the plaintiff to believe a false representation, it may do so, but it cannot present a claim that the
>
> defendants "should have known." If, however, it wishes to include in its claim that the defendants "should have known," [that claim] should be dismissed in this Court in whole, subject to transfer to the Court of Chancery.

This Court therefore shall not hear a claim for negligent misrepresentation. Two Farms points out certain cases where negligent misrepresentation claims were heard by the Superior Court, but all were decided prior to a clearly reasoned opinion issued by the Court of Chancery in *Mark Fox Group, Inc. v. E.I. DuPont De Nemours & Co.*,[12] which illustrates that claims of negligent misrepresentation (sometimes referred to as equitable fraud) are the exclusive jurisdiction of the Court of Chancery.

In this case, the jurisdictional deficiency with Plaintiff's third cause of action may be the result, in part, of inartful drafting. While Two Farms's third cause of action is labeled "Negligent Misrepresentation," it specifically alleges that Defendants "knew of the falsity of their representations." However, it goes on to state that Defendants "knew or should have known that the entrance could be modified or eliminated by DelDOT," and that "Defendants' actions constitute negligent misrepresentation." In one sense, Two Farms's third cause of action

---

[11] 2009 WL 3273509 (Del. Super. Sept. 30, 2009).
[12] 2003 WL 21524886 at *5 (Del. Ch. July 2, 2003).

appears duplicative of the first cause of action for fraud, although it does contain certain unique language concerning the factual allegations constituting fraud. Plaintiff's counsel did concede at oral argument that Two Farms would not pursue the "should have known" allegation and that this phrase could be stricken from the complaint. However, because the third cause of action unequivocally asserts a claim for negligent misrepresentation in paragraph 44, the Court cannot allow it to stand. The Court will dismiss count three, with leave granted to Two Farms to amend its complaint to include any allegations from that count that are properly within the jurisdiction of this Court.

**WHEREFORE**, for the foregoing reasons, the Defendants' motions to dismiss are **GRANTED** only as to Two Farms' third count, Negligent Misrepresentation, and otherwise **DENIED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
JUDGE

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
cc: Shawn P. Tucker, Esquire
Richard L. Abbott, Esquire
Patrick McGrory, Esquire